UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JAMES DAVID ADKINS                                                                                    PLAINTIFF

v.                                                                          CIVIL ACTION NO. 4:08CV-P38-M

GARY "RIP" WRIGHT et al.                                                                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, James David Adkins, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

**I. SUMMARY OF CLAIMS**

At the time pertinent to this complaint, Plaintiff was incarcerated at the Ohio County Jail. He sues in their official and individual capacities the following employees of the Ohio County Jail: Jailer Gary "Rip" Wright, Nurse Practitioner Charlott Hendrix, Deputy Jailer Paul Rowe, Deputy Jailer Caeser Doatree, and Chief Deputy Jailer Terry Wright. He alleges that in May 2007, while at the Ohio County Detention Center, he fell and injured his left leg. He attributes the fall to worn-out shower shoes, which were provided by and required by the jail. He says that prior to the fall he complained about the condition of the shoes and asked for new shoes but was refused. He alleges that, due to the fall, his leg became infected, to the point that, eventually, he required surgery. He details repeated attempts to have his leg properly treated. He alleges that he was denied proper medical attention, including being forced to wear dirty bandages for several days. He also states that he was sent to another detention center for a brief period as a

form of punishment after he asked for medical attention. He further alleges that the jail put him on bond while he was in the hospital so that the jail would not be responsible for the medical bills and that he was instructed by the jailers while in the hospital to put the medical bills in his name so that the jail would not be responsible for paying the bills. He alleges that he now has over $62,000 in medical bills and that his leg is still not completely healed.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___, 127 S. Ct. 1955, 1974 (2007).

### *Claim regarding Deputy Jailer Paul Rowe*

Except in the portion of the complaint in which each defendant is to be listed, Plaintiff's complaint makes no reference to Deputy Jailer Paul Rowe. Some factual basis for such claims must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The specific facts must explain how the defendant is personally responsible for the

alleged injuries.  *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985).  Plaintiff's complaint fails to do so.  As such, Plaintiff's claim against Deputy Jailer Rowe must be dismissed for failure to state a claim.  *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

### III. CONCLUSION

For the foregoing reasons, by separate order, Plaintiff's claim against Deputy Jailer Paul Rowe will be dismissed for failure to state a claim.  The Court will allow the remaining claims to go forward.  In doing so, the Court does not pass judgment on the ultimate merit of those claims.  A separate Order will be entered to govern the development of those claims.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Ohio County Attorney
4414.009