UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**JAMES DAVID ADKINS**                                                           **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 4:08-CV-P38-M**

**GARY "RIP" WRIGHT et al.**                                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Defendants Gary "Rip" Wright,[1] Charlotte Hendrix, Ceasar Doatre, and Terry Wright have moved for summary judgment (DN 19).  Plaintiff has responded (DN 20).  Defendants have filed a reply (DN 21), and Plaintiff has filed another response (DN 24).

**I. SUMMARY OF CLAIMS**

According to the complaint, while Plaintiff was incarcerated at the Ohio County Jail, in May 2007, he fell and injured his left leg.  He attributes the fall to worn-out shower shoes, which were provided by and required by the jail.  He says that prior to the fall he complained about the condition of the shoes and asked for new shoes but was refused.  He alleges that, due to the fall, his leg became infected and eventually required surgery.  He alleges that he was denied proper medical attention, including being forced to wear dirty bandages for several days.  He also states that he was sent to another detention center for a brief period as a form of punishment after he asked for medical attention.  He further alleges that the jail put him on bond while he was in the hospital so that the jail would not be responsible for the medical bills.

---

[1] It appears from the affidavit submitted by this Defendant in support of the motion for summary judgment that the correct spelling of his first name is "Gerry."  The docket sheet will be changed to show the correct spelling.

## II. ANALYSIS

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.*

Defendants have moved for summary judgment in their favor on the ground that Plaintiff has not exhausted the prison grievance procedure as required by the Prison Litigation Reform Act before an inmate such as Plaintiff can bring suit. The summary-judgment motion is supported by the affidavit of Defendant Gerry Wright, the Ohio County Jailer. He avers that the jail had in place a grievance procedure and that at no time had Plaintiff filed a grievance.

Plaintiff opposes the grant of summary judgment and offers his own affidavit in response. Plaintiff avers that during his incarceration at the Ohio County Jail, he asked for and filed two grievances which outlined the cruel treatment and denial of medical attention of Defendants Gerry and Terry Wright, Hendrix, and Doatre. He states that as a direct result of the grievances and complaints he was transferred to another prison as punishment. He further avers that the

grievance forms were given to Defendant Gerry Wright and that he also made oral complaints to Defendant Wright and the other Defendants regarding the severity of his medical condition, cruel treatment, and denial of medical attention.

In response, Defendant Gerry Wright filed another affidavit. In it, he avers that he has again reviewed the jail's files and did not find a grievance filed by Plaintiff. He also averred that he further investigated by conferring with his chief deputy and other deputies and that no one was aware of Plaintiff submitting a formal grievance.

Plaintiff has filed a response in which he argues that it is in Defendants' interest to claim that he never filed a grievance and to claim that no one remembers him filing a grievance. He further argues that the grievance form at the Ohio County Jail is one page with no way to make a copy. He asserts that the jail failed to respond to his grievances within seven days as required by their grievance policy. He also argues that he directly addressed Defendant Gerry Wright about his complaints.

The Court has before it competing versions, in affidavit form, of a fact which is material to the ultimate outcome of this action. "If there are 'any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party,' then summary judgment may not be granted." *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). Summary judgment, therefore, is not appropriate.

Moreover, "[b]ecause exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits," the defense of exhaustion defense "is not ordinarily the proper subject for a summary judgment; instead it 'should be raised in a motion to dismiss, or

treated as such if raised in a motion for summary judgment.'" *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 733 (2008).  In matters of abatement , "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id.* at 1376.  Wherefore, the Court will construe Defendants' motion as being, in the alternative, a motion to dismiss and will refer the matter to the Magistrate Judge for a hearing on the issue of exhaustion.

### III. CONCLUSION AND ORDER

For the foregoing reasons, Defendants' motion for summary judgment (DN 19) is **DENIED**.  The Clerk is **DIRECTED** to docket Defendants' motion (DN 19) as a motion to dismiss as of this date.  The matter of Defendants' motion, construed as a motion to dismiss, and the question of exhaustion is **REFERRED** to Magistrate Judge E. Robert Goebel for a hearing and findings of fact.

Date:

cc:     Plaintiff, *pro se*
        Counsel of record
        Magistrate Judge Goebel
4414.009